IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RODNEY DEMETRIUS JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 4:13-cv-00053-WTM-GRS |
| ) | |
| COCA COLA BOTTLING CO. UNITED ) | |
| EAST, LLC and DEIRDRE HICKS, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS DEIRDRE HICKS

Defendant Deirdre Hicks ("Hicks") submits this Memorandum in support of her Motion to Dismiss, showing the Court as follows:

I.      INTRODUCTION

Plaintiff Rodney Demetrius Johnson ("Plaintiff") appears to attempt to allege claims of race discrimination against Defendants Hicks and Coca-Cola Bottling Company United, Inc. ("CCBCU"), improperly named in the Complaint as "Coca Cola Bottling Co. United East, LLC," in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").[1]  Plaintiff's attempted claims against Hicks fail as a matter of law because they do not satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) as interpreted by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Moreover, even if Plaintiff did plead sufficient facts to assert a claim against Hicks, any such claims must be dismissed pursuant

---

[1]      Plaintiff completed and filed the Court's form Employment Discrimination Complaint, but failed to check a box in response to question number three indicating the statute under which he purports to bring his claims.  Based on the allegations set forth in Plaintiff's EEOC Charge and Plaintiff's responses to the subsequent questions in the Complaint, Defendants understand that Plaintiff seeks to assert claims against CCBCU and Hicks under Title VII.

to Federal Rule of Civil Procedure 12(b)(6) and other applicable law because Title VII does not permit recovery for individual liability.

## II.   FACTUAL BACKGROUND[2]

The Complaint contains limited allegations of fact relating to the merits of Plaintiff's claims. For the Court's convenience, they are set forth below:

- Plaintiff began his employment with CCBCU on March 13, 2008. (Compl. ¶ 7.)

- Plaintiff was demoted from a position where he made $900/week to a position in the warehouse where he made $11.27/hour, in order for CCBCU to place a white male in Plaintiff's former position who was previously demoted due to issues with his driver's license. (*Id.* at ¶ 10.)

- Plaintiff was informed that the change in his position would be a lateral move with restructured pay, but that was not the case. (*Id.*)

- Plaintiff was told that he would be placed on a six month probation. (*Id.*)

- Bill Mannes ("Mr. Mannes") told Plaintiff that he would be working in the Cold Bottle Department and when Plaintiff asked Mr. Mannes about the pay, Mr. Mannes informed Plaintiff he would speak to Human Resources. (*Id.*)

- Mr. Mannes also asked Plaintiff if he would consider applying for a position in his old department, and Randy Johnson told Plaintiff he did not have a choice. (*Id.*)

- Plaintiff applied for a position in his old department, but was not chosen for the position. (*Id.* at ¶ 10.)

---

[2]   The facts set forth below are drawn from the Complaint as required and are taken as true for purposes of the instant motion only.

- Site Manager Randy Johnson, Home Market Manager Joel L/N/U, and Supervisor Mike LiCausi, who are white males, discriminated against Plaintiff.  (*Id.* at ¶ 9.)

- Plaintiff voluntarily left his job at CCBCU in April 2011.  (*Id.* at ¶ 7.)

### III.    ARGUMENT AND CITATION OF AUTHORITY

A.    <u>Plaintiff Must Satisfy the Pleading Standard Articulated in *Twombly* and *Iqbal*</u>.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  In *Bell Atlantic Corp. v. Twombly*, the Supreme Court held that fair notice under Rule 8(a) requires more than a simple conclusory recitation of the elements of a claim: "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).  Instead, to satisfy Rule 8(a) and survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must provide sufficient factual detail which, when accepted as true "state[s] a claim to relief that is plausible on its face" and "raise[s] a right to relief above the speculative level."  *Id.* at 555, 570.

In *Ashcroft v. Iqbal*, the Supreme Court subsequently clarified that the *Twombly* standard applies to employment-based claims.  556 U.S. at 678-86.  In discussing the standard set forth in *Twombly*, the Court emphasized that, although a court must accept all factual allegations as true for purposes of deciding a motion to dismiss, this requirement does not apply to legal conclusions or to "'legal conclusion[s] couched as . . . factual allegation[s].'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  The Court explained that a court considering a motion to dismiss should first identify portions of a pleading "that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Id.* at 679.  It went on to note: "While legal conclusions

can provide the framework of a complaint, they *must* be supported by factual allegations." *Id.* (emphasis added).  The *Twombly* standard thus requires dismissal under Rule 12(b)(6) unless a plaintiff alleges factual allegations sufficient to plausibly suggest every material element of the asserted claims.  *See, e.g., Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565-66 (11th Cir. 2010) (affirming dismissal of plaintiff's Title VII, § 1981, and § 1983 claims where the plaintiff's complaint "list[ed] conclusory allegations of discrimination and fail[ed] to provide, as required by *Twombly* and *Iqbal*, the 'sufficient factual matter' to establish a *prima facie* case.").

     Significantly, the pleading standard set forth in *Twombly* applies to all complaints, including complaints filed by *pro se* plaintiffs.  "[A] *pro se* litigant is not relieved of his obligation to allege sufficient facts to support a cognizable legal claim and the court may not rewrite a deficient pleading or serve as de facto counsel for a party." *Toomer v. Savannah Rose of Sharon, LLC*, No. CV412-057, 2012 U.S. Dist. LEXIS 37900, at *5 (S.D. Ga. Mar. 20, 2012) (citations omitted); *see also Traylor v. P'ship Title Co., LLC*, 491 F. App'x 988, 990 (11th Cir. 2012) (noting that *pro se* complaints are in some ways held to less stringent standards, but affirming dismissal of *pro se* plaintiff's complaint that failed to comply with pleading standard articulated in *Twombly*); *Harrell v. Fla. Parole Comm'n*, 479 F. App'x 234, 236 (11th Cir. 2012) (noting that courts liberally construe *pro se* pleadings, but affirming application of pleading standard articulated in *Twombly* to motion to dismiss *pro se* plaintiff's complaint).  *Pro se* plaintiffs must therefore allege facts that state a plausible cause of action and provide sufficient detail to make clear the nature of their claims and allow Defendants a fair opportunity to respond to those claims.

B.  **Hicks Must Be Dismissed Because Plaintiff Fails to State a Claim Against Hicks Upon Which Relief Can Be Granted**.

1.  **Plaintiff Fails to Assert Any Allegations Against Hicks**.

Plaintiff's attempted Title VII race discrimination claim against Hicks fails as a matter of law because the Complaint is devoid of *any* factual allegations suggesting that Hicks discriminated against Plaintiff. Specifically, Hicks is only named once in the entire Complaint, Plaintiff does not identify Hicks as one of the individuals that allegedly discriminated against him, and none of the conduct about which Plaintiff complains even mentions Hicks. (*See* Compl. ¶¶ 2, 9, 10.) In the absence of any factual allegations contending that Hicks engaged in unlawful conduct, Plaintiff's purported claims against Hicks must be dismissed. *See Berry v. Shepard*, No. 2:11-cv-506-FtM-99DNF, 2012 U.S. Dist. LEXIS 46459, at *7 (M.D. Fla. Apr. 2, 2012) (granting defendant's motion to dismiss where "the Complaint and exhibits attached thereto contain no allegations regarding [the defendant's] alleged involvement in the incident *sub judice*."). As the Supreme Court explained in *Twombly*:

> Rule 8(a)(2) still requires a 'showing', rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' for the nature of the claim, but also 'grounds' on which the claim rests.

*Twombly*, 550 U.S. at 555 n.3; *see Milledge v. Owens*, No. 5:11-cv-452, 2012 U.S. Dist. LEXIS 30337, at *12 (M.D. Ga. Feb. 13, 2012) (dismissing four defendants from action where the plaintiff's complaint and supplements did not allege any facts suggesting that the defendants were personally involved in any alleged wrongdoing committed against plaintiff); *Walker v. Suntrust Bank of Thomasville, GA*, No. 7:07-cv-173, 2008 U.S. Dist. LEXIS 75411, at *7 (M.D. Ga. Aug. 26, 2008) (dismissing three defendants from action where the plaintiff's complaint

"contain[ed] no specific allegations against [the defendants]."). In the absence of specific factual allegations suggesting that Hicks engaged unlawful discriminatory conduct, Plaintiff has not stated a claim that is "plausible on its face" and the Complaint fails to put Hicks on notice about the factual foundation of any claims that Plaintiff purports to assert against Hicks. Accordingly, Plaintiff's claims and the Complaint itself as to Hicks should be dismissed for failure to state a claim.

      2.      <u>Title VII Does Not Provide for Individual Liability</u>.

Even were the Court to find that Plaintiff presents facts sufficient to assert a race discrimination claim against Hicks, such a claim still fails because Title VII does not provide for individual liability. It is well-settled Eleventh Circuit law that "[t]he relief granted under Title VII is against the *employer*, not [against] individual employees whose actions would constitute violations under the Act . . . the proper method for a plaintiff to recover under Title VII is by suing the employer . . . ." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (emphasis in original); *see also Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) ("[W]e now expressly hold that relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, *regardless* of whether the employer is a public company or a private company.") (emphasis in original); *Smith v. Trane U.S., Inc.*, No. 6:11-cv-36, 2011 U.S. Dist. LEXIS 119490 (S.D. Ga. Oct. 17, 2011) (dismissing plaintiff's Title VII complaints against individual defendants). Therefore, Plaintiff's purported claims and the Complaint itself as to Hicks should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Hicks respectfully requests that the Court dismiss Plaintiff's Complaint as to her in its entirety.

Respectfully submitted this 24th day of April, 2013.

By: /s/ Clare H. Draper, IV
Clare H. Draper, IV
Georgia Bar No. 229575
clare.draper@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
Telephone: 404-881-7000
Facsimile: 404-881-7777

ATTORNEY FOR COCA-COLA BOTTLING
COMPANY UNITED, INC. AND DEIRDRE
HICKS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RODNEY DEMETRIUS JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 4:13-cv-00053-WTM-GRS |
| ) | |
| COCA COLA BOTTLING CO. UNITED ) | |
| EAST, LLC and DEIRDRE HICKS, ) | |
| ) | |
| Defendants. ) | |

CERTIFICATE OF SERVICE

    I hereby certify that on April 24, 2013, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS DEIRDRE HICKS with the Clerk of the Court using the CM/ECF system and I hereby certify that this document has been sent via U.S. Mail to the following non-CM/ECF participant**,** addressed as follows:

    Rodney Demetrius Johnson
    1134 Kelly Drive Lot 37A
    Hinesville, Georgia 31313

    /s/ Clare H. Draper, IV
    Clare H. Draper, IV