# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

RODNEY DEMETRIUS JOHNSON, )
)
    Plaintiff, )
)
v. ) Case No. CV413-053
)
COCA-COLA BOTTLING CO. )
UNITED, INC.,[1] and )
DIERDRE HICKS )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Paying the Court's full filing fee, *pro se* plaintiff Rodney Demetrius Johnson brought this employment discrimination case against Coca-Cola Bottling Company United, Inc. (CCBCU) and Dierdre Hicks. Doc. 1. Both defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6), docs. 2 & 4, and Johnson has filed no response. Their motions are thus unopposed by operation of Local Rule 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). They are also supported by the alleged facts and the law.

---

[1] Plaintiff erroneously named this defendant "Coca Cola Bottling Co. United East, LLC," doc. 3 at 1, so the Court has amended the caption, the Clerk shall do likewise to the docket, and all subsequent filings shall conform.

Johnson, for example, failed to identify Hicks as one of the individuals who allegedly discriminated against him, and none of the conduct of which he complains even mentions Hicks. *See* doc. 1 at 1-13. All he did was note her name as a defendant. *Id.* at 5. And at most Johnson suggests he is suing her as a supervisor, but as Hicks points out (doc. 5 at 6), Title VII permits suits against a plaintiff's *employer*, not against supervisors in their individual capacity. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."); *see also Vance v. Ball State University*, ___ U.S. ___, 2013 WL 3155228 at * 8 (June 24, 2013) (defining "supervisor"). Under the Rule 12(b)(6) standards as applied in a recent employment discrimination case, *Watts v. Ford Motor Co.*, 2013 WL 2278019 at * 1-2 (11th Cir. May 24, 2013) (the court accepts as true facts, but not conclusions, then threads them through each claim's elements), Hicks is entitled to judgment as a matter of law.

Johnson's complaint also fails with respect to his claims against CCBCU. Johnson complains of what he calls a demotion but fails to

allege that he was qualified for that position, or that CCBCU replaced him with someone outside of his protected class. Nor does he plead any facts showing that his employer's actions were motivated by racial animus. Doc. 3.

Accordingly, the motions to dismiss (docs. 2 & 3) should be **GRANTED** and this case should be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this  1st  day of July, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA